IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 11 2020 ★
LONG ISLAND OFFICE

Anoop M. Tolani

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Carl C. Burnett Funeral Home, Inc.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. CV-20 2169

*(to be filled in by the Clerk's Office)*

Jury Trial: ☐ Yes ☐ No
*(check one)*

SEYBERT, J.

TISCIONE, M.J.

RECEIVED
MAY 13 2020
EDNY PRO SE OFFICE

I.  **The Parties to This Complaint**

  A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name   ANOOP M. TOLANI
   Street Address   618 CASSATA DR.
   City and County   COPIAGUE, SUFFOLK
   State and Zip Code   NY. 11726
   Telephone Number   631-455-8188
   E-mail Address   ANOOPMT@YAHOO.COM

  B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1
   Name   CARL C. BURNETT FUNERAL HOME, INC.
   Job or Title
   (if known)
   Street Address   456 SOUTH FRANKLIN ST.
   City and County   HEMPSTEAD, NASSAU COUNTY
   State and Zip Code   NY, 11550
   Telephone Number   516-489-4492
   E-mail Address
   (if known)

   Defendant No. 2
   Name
   Job or Title
   (if known)
   Street Address
   City and County

2

State and Zip Code _____
Telephone Number _____
E-mail Address _____
(if known)

C.  **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

Name            CARL C. BURNETT FUNERAL HOME, INC
Street Address  456 SOUTH FRANKLIN ST,
City and County HEMPSTEAD, NASSAU
State and Zip Code NY 11550 (11550)
Telephone Number 516-489-4492 (4492)

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

   *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

   *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

   *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*: _____

☐ Relevant state law *(specify, if known)*: _____

☐ Relevant city or county law *(specify, if known)*: _____

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☒ Termination of my employment.
☐ Failure to promote me.
☐ Failure to accommodate my disability.
☐ Unequal terms and conditions of my employment.
☐ Retaliation.
☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) THROUGHOUT MY TENURE FROM 6-9-2008 TO 6-22-2018

4

C. I believe that defendant(s) *(check one)*:

☐ is/are still committing these acts against me.
☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒ race _____
☐ color _____
☐ gender/sex _____
☐ religion _____
☐ national origin _____
☐ age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
☐ disability or perceived disability *(specify disability)*
_____

E. The facts of my case are as follows. Attach additional pages if needed.

1) NOT PAID THE RIGHT AMOUNT OF SALARIES FOR 10 YEARS +
2) NOT PAID THE OVERTIME
3) NOT TREATED ME LIKE OTHER EMPLOYEES IN THE COMPANY
4) KEPT TAKING AWAY MY WORK AND PASSING TO COMPANY ACCOUNTANTS SLOWLY
5) DIDN'T PAY ME MY SEVERANCE PAY FOR WORKING 10 YEARS IN CO.
6) MADE ME DO TAX EVATION WORK
7) MADE ME DO ILLEGAL THING, BY NOT ISSUING 1099 TAX FORMS TO CERTAIN EMPLOYEES
8) MADE ME NOT TO DEDUCT PAYROLL TAXES FROM CERTAIN EMPLOYEES
9) MADE ME HELP FUNERAL DIRECTORS LOADING & UNLOADING BODIES WITH CASKETS WHICH CAUSED ME BACK & ARMS PROBLEM
10) DIDN'T PAY ME 6 WEEKS VACATION EARNE
11) TORTURED ME BY PUTTING ME IN BASEMENT DURING BUILDING FIRE
12) ALSO THREW ME IN TRAILOR IN COLD, DURING BUILDING RENOVATION

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

5

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

   03/30/2019

B. The Equal Employment Opportunity Commission *(check one)*:

   ☐ has not issued a Notice of Right to Sue letter.

   ☒ issued a Notice of Right to Sue letter, which I received on *(date)*

   3/16/2020

   *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

   ☐ 60 days or more have elapsed.

   ☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

| | |
|---|---|
| SALARIES $4000/s PER YEAR X 10 YRS | $40,000 APPROX |
| PAYROLL BENEFITS - SOCIAL SECURITY | 3,460 APPROX |
| VACATION PAY 6 WEEKS @ $1000/s PER WEEK | 6,000 APPROX |
| SEVERANCE PAY | |
| OVERTIME UNPAID | |
| PAIN & SUFFERING - BACK & ARTHRITIS PROBLEM | |

6

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/12, 2020

Signature of Plaintiff    A. M. Tolani
Printed Name of Plaintiff    ANOOP M. TOLANI

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Anoop Tolani
618 Cassata Drive
Copiague, NY 11726

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2019-02903 | Holly M. Shabazz, State & Local Program Manager | (929) 506-5316 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (*briefly state*)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Judy A. Keenan*
**Judy A. Keenan,**
**Deputy Director (Acting)**

FEB 25 2020
(Date Mailed)

Enclosures(s)

cc: **CARL C BURNETT FUNERAL HOME INC**
Attn: Director of Human Resources
456 South Franklin Street
Hempstead, NY 11550

RECEIVED
MAY 13 2020
EDNY PRO SE OFFICE

MAILED THE ORIGINAL SIGNATURE NOTARIZED TO M. DINORA SMITH ON 4/3/19 PER HER E-MAIL

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK EXECUTIVE DEPARTMENT
------------------------------------------------------------------x
ANOOP TOLANI

                Complainant,

-against-

CARL C. BURNETT FUNERAL HOME, INC.,

                Respondent.
------------------------------------------------------------------x

**VERIFIED COMPLAINT**
Pursuant to Executive Law Article 15

Anoop Tolani, residing at 618 Cassata Drive, Copiague, NY 11726, charges the above-named Respondent, whose address is 456 S. Franklin Street, Hempstead, NY 11550, with unlawful discriminatory practice relating to their employment based on race. The most recent act of discrimination occurred through June 22, 2018. The Particulars are as follows:

1. Respondent is Carl C. Burnett Funeral Home, Inc., a company that provides funeral services in the Nassau County area including assistance in planning the funeral, providing necessities such as flowers and mass cards, and hosting funeral services.

2. Anoop Tolani is a South Asian accountant. Mr. Tolani was the only South Asian employee working for Respondent. All other employees working for Respondent were African American.

3. Respondent hired Mr. Tolani as a temporary employee bookkeeper on March 18, 2008. Mr. Tolani was Respondent's only South Asian employee.

4. On June 9, 2008, CEO Gerard Burnett hired Mr. Tolani as a full-time staff accountant. Mr. Tolani was responsible for all finance and accounting for the company. Mr. Tolani told Burnett he could not accept the job for $48,000 because he was already making more money from temporary employment. Burnett asserted senior staff members earned $52,000,

making it inappropriate to Mr. Tolani as a new hire at the same salary. However, Burnett promised Mr. Tolani he would be compensated at this salary later. Mr. Tolani agreed to start working full time, nights, and weekends to repair the backlogged work of 3-4 years of bookkeeping and accounting with no overtime or compensatory payment.

5. In 2008, Burnett ordered a large quantity of caskets from China. Burnett told Mr. Tolani not to pay the New York State tax on the caskets when they were sold. Mr. Tolani pointed out it was illegal not to pay taxes.

6. Burnett hired some of his employees on contract to save his company payroll taxes and told Mr. Tolani not to issue them 1099 forms to save the company on taxes. Mr. Tolani pointed out that this was illegal, but Burnett continued to ask him to perform such tasks.

7. In December 2008, Ms. Tolani grew frustrated with working overtime without compensation. He went to Burnett's office and asked when he would be paid the $4,000 difference in salary. Burnett instructed Mr. Tolani to put on paper how much he was owed and told Mr. Tolani he would pay him that amount. Mr. Tolani calculated wages, social security and Medicare from the previous six months and gave Burnett the paper. Over the few months, whenever Mr. Tolani reminded Burnett of the money owed, Burnett asserted he didn't have cash currently and would pay Mr. Tolani later. Around this time, Burnett fell sick and was rarely in the office. Employees were directed to put documents under Burnett's door at the end of the day, and the following day the documents would be signed and placed on the employee's desk.

8. In August 2010, Mr. Tolani noticed Burnett near the front desk in a good mood. Mr. Tolani needed money in order to buy his wife a car. Mr. Tolani asked Burnett for an increase in pay again. Burnett told Mr. Tolani he lost the previous sheet with what was owed and alleged he was going to pay Mr. Tolani in cash so no one else could see what he was paid.

9. On August 13, 2010, Mr. Tolani gave Burnett a worksheet of the difference in salary from June 9, 2008 until August 2010, which came to approximately $12,357.34. Burnett never paid Mr. Tolani.

10. On September 20, 2010, a fire broke out in Respondent's building. Employees focused on bringing bodies, computers and office supplies out of the building. Burnett ordered lunch from a local restaurant for employees, but forgot Mr. Tolani, a vegetarian, whose lunch was left in the building. Due to the fire, all employees were shifted to a different part of the building. Mr. Tolani was placed in the basement alone and forced to climb up and down stairs to pick up work several times a day.

11. In December 2010, after finalizing issues with the insurance company, Burnett decided to move all operations to a trailer while the building was repaired. Mr. Tolani was placed next to the trailer door. After two weeks of working in such conditions, Mr. Tolani contracted bronchitis. Mr. Tolani asked Burnett to move him due to his illness but this request was ignored. Burnett's condition continued to worsen and he came into work less frequently and with a ventilator. Mr. Tolani was uncomfortable asking about his pay difference in raise in front of other employees.

12. In June 2011, Burnett passed away. His mother, Thelma Burnett, took over the company affairs and appointed Fred Davis to manage accounting operations. Mr. Tolani asked Davis about the difference in pay from June 2008 until 2011 and Davis refused to pay Mr. Tolani. A few months later, Mr. Tolani asked Thelma Burnett about the money, and she directed him to Aaron Young, the funeral director and office manager. Young and Thelma Burnett spoke about this issue but never paid Mr. Tolani.

13. Thelma Burnett required Mr. Tolani to pay half of her salary on a regular check and the other half on payroll to save the company money. She also refused to accept the 1099 tax at the end of the year for her other half of the money she received from the company.

14. In 2012, when Mr. Tolani returned from his two-week vacation approved by Thelma Burnett, he discovered his job was given to Thelma's nephew, Herb Spaulding. Spaulding did not know how to process transactions on the computer, which forced Mr. Tolani to re-do nearly a year's worth of work. This caused audit and tax forms to be filed late and the company penalized for the lateness. The vendors and contractors that worked with the company were not happy to receive such forms late and caused great inconvenience to Mr. Tolani.

15. On November 14, 2014, Thelma Burnett passed away suddenly. Mrs. Regina Burnett took over the business. During the transition in leadership, Mr. Tolani was forced to work overtime to operate cash and credit transactions since Thelma Burnett did not leave any authority to anybody in her family to operate bank accounts in her absence, so the bank froze Respondent's account. Respondent company was forced to only make cash transactions and convince families of the deceased to pay in cash. Mr. Tolani was forced to go to post offices or his personal bank to obtain money orders to pay bills. Respondent company could no longer offer death insurance policies or allow potential customers to pay with credit cards, which hurt the business. Regina Burnett was employed full time at National Grid and did not have the time or knowledge to handle these issues. Mr. Tolani understood the credit card processing company could not fix the issue without someone personally responsible, so he gave the company all his personal credit card information so Respondent business could use credit cards again. Regina Burnett grew upset and asked Mr. Tolani why he didn't use her information and Mr. Tolani explained the financial situation and why it was best to use his cards. Mr. Tolani worked triple

his normal hours through this financial crisis for the Respondent over a period of nine months and never received a thank you, a bonus, or any overtime pay.

16. In 2015, Regina Burnett stopped giving Mr. Tolani the company's monthly bank statements, which made it difficult for him to reconcile the books. If there was an issue with a vendor or contractor's payment, Mr. Tolani could not fix the issue until he reached Regina at her day job at National Grid. This caused issues between the company and it's vendors and contractors. Regina also attempted to humiliate Mr. Tolani in front of his peers and threatened that "she would take over [your] job soon."

17. In December 2015, Mr. Tolani was invited to the company Christmas party. Once again, no one purchased food a vegetarian option for Mr. Tolani, despite the fact every other employee received their requested food.

18. In December 2016, Mr. Tolani decided not to attend the Christmas party after what happened the year before. Mr. Tolani was taunted at work the next day for not attending.

19. In 2017, Regina Burnett requested a meeting with all employees after normal working hours to discuss the business. The meeting lasted almost three hours. Regina Burnett brought food for all employees except Mr. Tolani.

20. In December 2017, Mr. Tolani was not invited to the Christmas party.

21. From March 2018 through his termination in June 2018, Mr. Tolani noticed he was never paid a cost of living raise. His 401k plan was stopped after one year because Carl Burnett stopped paying into it. He also noticed other employees were paid overtime, offered free housing with no gas, electric, heat or water bill and paid a separate check for additional work done during working hours. Mr. Tolani was never compensated for vacation pay when Gerard Burnett was the CEO, nor when Thelma and subsequently Regina took control. Mr. Tolani rarely

saw Regina in the four years she was running Respondent's operations and was unable to repeatedly ask her about the difference in pay. Mr. Tolani was the only employee required to perform tasks outside the scope of his financial work, including lifting heavy boxes, moving bodies and accommodating new deliveries. Due to this excessive work without treatment, Mr. Tolani's doctor placed him in therapy program and informed him he will likely need back surgery. Mr. Tolani was also the only employee never given a key to the office and was forced to wait outside in inclement weather and at times, for nearly an hour, when he wanted to enter.

22. On June 22, 2018, Mr. Tolani was terminated. Respondent offered Mr. Tolani four weeks severance pay. Mr. Tolani was aware that another African American employee who was terminated, Charles Lamar, received one and a half years of severance pay. When Mr. Tolani raised this issue with Regina Burnett, she merely stated, "That's my family."

23. As described in the foregoing complaint, Mr. Tolani continually was forced to perform additional tasks without adequate compensation and suffered disparate treatment as a result of a discriminatory animus towards his race.

24. Based on the foregoing, Respondent discriminated against Mr. Tolani based on his race.

25. Respondent treated Mr. Tolani differently as compared to similarly-situated employees that were not South Asian with respect to their terms and conditions of employment. These actions of discrimination substantially interfered with Mr. Tolani's employment.

26. As a result of Respondent's unlawful discriminatory practices, Mr. Tolani suffered significant financial ramifications, humiliation, outrage, and mental anguish for which Mr. Tolani claims compensatory damages.

27. Mr. Tolani charges that Respondent violated Human Rights Law § 296, *et seq.*, NYC Admin. Code § 8-107, together with Title VII of the Civil Rights Act 1964 (42 USC § 2000-e)/, based on race. Mr. Tolani hereby authorizes the New York State Division of Human Rights to accept this verified complaint on behalf of the Equal Employment Opportunity Commission, subject to the applicable statutory limitations.

Dated: New York, New York
      March 29, 2019

                                    WHITE, HILFERTY & ALBANESE

                                    By: _____
                                          M. Dinora Smith
                                          *Attorneys for Complainant*
                                          570 Lexington Avenue, 16th Floor
                                          New York, New York 10022
                                          (646) 690-8881

# VERIFICATION

State of New York

County of Suffolk ss.:

    Anoop Tolani, being duly sworn, deposes and says: that they are the complainant herein; that they have read the foregoing complaint and knows the content thereof; that the same is true of his own knowledge except as to the matters therein stated on information and belief; and that as to those matters, they believe the same to be true.

_____A. M. Tolani_____
Anoop Tolani

Sworn to before me this
30th Day of March, 2019

_____Izabela Ostapowicz_____
Notary Public

> IZABELA OSTAPOWICZ
> Notary Public - State of New York
> NO. 01OS6148052
> Qualified in Suffolk County
> My Commission Expires Jun 19, 2022

To,
THE PROCE OFFICE
CENTRAL ISLIP OFFICE
100 FEDERAL PLAZA
CENTRAL ISLIP, NY 11722



Anoop M Tolani

618 Cassata Dr.
Copiague, NY 11726

To,
The PROCE Office
Central Islip Office
100 Federal Plaza
Central Islip, NY 11722

May 12, 2020



**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 11 2020 ★

LONG ISLAND OFFICE

Whom so ever concerned,

Dear Sir / Madam,

On 07/23/2018 we hired Mr. Vincent White to fight our case in Federal /State level court. I paid $3000 cash as a retainer fee and also agreed to pay 40% contingency fee.

On 05/08/2020 I was shocked to receive an email from Mr. White asking for more money to fight the case in court. This is against the agreement that we made. Now there are not more than 13 days left to file the case as per EEOC, we definitely need more than 6 months time to find another attorney and hand over the case to him/her.

So kindly grant me an extension period of more than 6 months to file the case in federal Court.

Thanking you,

Sincerely yours,

A M. Tolani

Anoop M. Tolani

ENCLOSED:
1) US DISTRICT COURT- COMPLAINT FOR EMPLOYMENT DISCRIMINATION FORM.
2) US DISTRICT COURT - SHORT FORM
3) US EEOC NOTICE OF SUIT RIGHTS
4) FILED COMPLAINT WITH EEOC

**RECEIVED**

MAY 13 2020

**EDNY PRO SE OFFICE**